**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BOBBI JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 6426 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF JOLIET, DAVID R. MACKLEY, | ) | |
| RICHARD THOMPSON and | ) | |
| MARY J. KUCHARZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the court is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, defendant's motion is granted in part and denied in part.

## BACKGROUND

The following relevant facts, drawn from the First Amended Complaint, are taken as true for purposes of this motion. Plaintiff Bobbi Johnson ("Johnson") is the owner of real property located in Joliet, Illinois. Defendant David R. Mackley ("Mackley") is an Inspector for the Building Inspections & Permit Department of Defendant City of Joliet ("City"). Defendant Richard Thompson ("Thompson") is the Property Maintenance Inspector for the Neighborhood Services Division of the City. Defendant Mary J. Kucharz ("Kucharz") is the Assistant Corporation Counsel for the

Legal Department of the City.

During the early morning hours of October 6, 2002, Johnson discovered that her recently renovated garage situated on the rear portion of her property had been partially damaged. Thereafter, one of the City's police officers knocked on Johnson's door and informed her that a car had run into her garage. Johnson then visually inspected the damage. That afternoon Mackley, without informing Johnson, contacted one of the City's hired demolition contractors, who subsequently demolished Johnson's garage. As a result, Johnson did not have the opportunity to have a private contractor assess the damage prior to demolition. The contractor left the garage debris in Johnson's backyard. Johnson, an African American, alleges that at no time had the City ever caused demolition of any similarly situated "white property owner's" building that had sustained structural damage from being hit by an automobile without first affording the "white property owner" with an opportunity to have a contractor provide an estimate of damages for making repairs.

In November, 2002, Johnson sent written correspondence to the City pertaining to the demolition of her garage and the leaving of the debris from the demolition on her property. Johnson never received a response from the City. Later that month Johnson appeared at the City's regularly scheduled televised General Council Assembly session. During this session Johnson publicly

criticized Mackley for the demolition of her garage and the leaving of the debris in her backyard. She also indicated that she was holding the City responsible for the deprivation of property she suffered. After this the City's mayor, Arthur Schultz, directed the City's Corporation Counsel, Jeffrey Plyman, to meet with Johnson in order to work out a solution to the dispute.

On December 11, 2002, Thompson and Kucharz commenced proceedings against Johnson for failure to abate a violation of City ordinance in connection with the garage debris in her backyard. Johnson alleges that the proceedings were initiated maliciously in retaliation for Johnson's public criticism of Mackley. She further alleges that Thompson and Kucharz conspired to withhold exculpatory evidence and other material necessary for a fair and impartial hearing. Nonetheless, at a hearing on January 28, 2003, the ordinance violation was dismissed. On February 25, 2003, the Circuit Court of the Twelfth Judicial District issued an order clarifying that the dismissal of the ordinance violation was with prejudice.

On October 5, 2004, Johnson filed the present suit. Defendants subsequently moved to dismiss the complaint. In response, Johnson sought leave to file an amended complaint, which was granted.

Johnson's First Amended Complaint sets forth six causes of action. Count I is a § 1983 claim against the City for failure to

properly train, supervise and control Mackley, Thompson and Kucharz. In particular, Johnson alleges: (1) failure by the City to take any steps to train, supervise and control Mackley, Thompson and Kucharz, thus maintaining an atmosphere and climate where constitutional violations are not prosecuted or punished, encouraging the defendants to violate rather than respect the constitutional rights of citizens; (2) failure by the City to track, notice, act upon, or correct patterns of abuse by its Building Inspections & Permit Department, and its Neighborhood Services Division, thus encouraging a climate of constitutional abuses; and (3) failure to instruct or train the individual defendants as to what constitutes deprivation of property, racial discrimination, and malicious prosecution, which is tantamount to a violation of 42 U.S.C. § 1983.

In the alternative, Johnson claims that the conduct of the City was consistent with and in accordance with the directives of a person or persons employed by the City with final policymaking authority. Johnson further alleges that the conduct of the individual defendants was pursuant to the decisions and conduct of the heads of their respective departments, who had actual or constructive knowledge that the City's own constitutional injuries upon citizens such as Johnson created the atmosphere for the individual defendants to engage in conduct that posed pervasive and unreasonable risk of constitutional injury to citizens like

Johnson.  She contends that the City's response to that knowledge was so inadequate as to show a deliberate indifference to or a tacit authorization of the alleged offensive practices and, as such, is tantamount to a violation of 42 U.S.C. § 1983.

Count II is a claim of deprivation of equal protection of the laws under the Fourteenth Amendment in violation of 42 U.S.C. § 1983, and is brought against defendants Mackley, Thompson, and Kucharz.  Johnson claims that the actions of these defendants were excessive, unreasonable, and were executed without probable cause or other lawful justification.

Count III is a claim of violation of property rights under 42 U.S.C. § 1982, and is brought against the City and Mackley. Johnson claims that Mackley intentionally discriminated against her and deprived her of her right to hold "the real and structural garage on her Property as enjoyed by 'white citizens'" because of her status as an African American.  She further alleges that the City is liable because Mackley was acting within the scope of his administrative duties as an inspector for the Building Inspections & Permit Department of the City.

Count IV is a claim of deprivation of full and equal benefit of the City's pre-deprivation administrative hearings and post-deprivation judicial hearings under 42 U.S.C. § 1981(a), and is brought against the City and Mackley.  Johnson claims that the alleged conduct of these defendants raises a plausible inference

that they acted in accordance with, and were motivated by, a racial animus towards her.  She contends that these defendants, by their conduct, intentionally discriminated against her and deprived her of the full and equal benefits of the City's pre-deprivation administrative hearings and post-deprivation judicial proceedings because of her status as an African American, and that such conduct is tantamount to a violation of 42 U.S.C. § 1981(a).

Count V is a § 1983 claim of malicious prosecution in violation of the Fourth Amendment, and is brought against defendants City, Thompson and Kucharz.  Johnson claims that Thompson and Kucharz conspired to knowingly and maliciously prosecute her on false ordinance violation charges, and that they committed various overt acts in furtherance of the scheme in order to obtain a monetary judgment against her.

Count VI is a § 1983 claim of violation of Johnson's First Amendment rights, and is brought against the City, Thompson and Kucharz.

The defendants assert a number of arguments in support of their motion to dismiss Johnson's First Amended Complaint.  First, the defendants argue that Count I should be dismissed for failure to state a claim upon which relief can be granted.  Second, Kucharz argues that Counts II, V and VI against her should be dismissed because she is entitled to prosecutorial immunity.  Third, all defendants also argue that Count II fails to state a claim.

Fourth, the defendants argue that Count III must be dismissed because Mackley did not interfere with Johnson's right to hold and convey property. Fifth, the defendants argue that Count IV fails to state a claim under 42 U.S.C. § 1981(a). Sixth, defendants argue that Count V must be dismissed because a malicious prosecution claim may not be brought under 42 U.S.C. § 1983. Finally, the defendants argue that Count VI must be dismissed because it is time barred and it fails to state a claim. We will discuss these arguments in turn.

## DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 354 (3d ed. 2004). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. <u>Hentosh v. Herman M. Finch Univ. of Health Sciences</u>, 167 F.3d 1170, 1173 (7th Cir. 1999); <u>Jang v. A.M. Miller & Assocs.</u>, 122 F.3d 480, 483 (7th Cir. 1997). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" <u>Ledford v. Sullivan</u>, 105 F.3d 354, 356 (7th Cir. 1997) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984));

<u>Jones v. General Elec. Co.</u>, 87 F.3d 209, 211 (7th Cir.), <u>cert. denied</u>, 519 U.S. 1008 (1996).

To survive a motion to dismiss, a pleading must only contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint. <u>McCormick v. City of Chicago</u>, 230 F.3d 319, 323-24 (7th Cir. 2000). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. <u>See Higgs v. Carver</u>, 286 F.3d 437, 439 (7th Cir. 2002). "All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." <u>Id.</u>

<u>Pro se</u> complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers. <u>McCormick</u>, 230 F.3d at 325. Therefore, a <u>pro se</u> civil rights complaint may only be dismissed if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief. <u>Id.</u>

**A.**    **Count I–Section 1983 Claim Against Defendant City of Joliet**

Defendants first argue that Count I against the City should be dismissed because Johnson alleges no facts to suggest that the complained-of policies actually exist, she fails to allege the requisite causal connection between any alleged policy or custom of the City and her alleged injuries, and proof of a single incident

of unconstitutional activity is insufficient to impose liability unless there is proof of an existing policy. Johnson contends that her amended complaint contains sufficient allegations to state a claim under §Section 1983.

In Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978), the Supreme Court described the circumstances under which a municipality could be held liable under § 1983. Under Monell, governmental entities are susceptible to suit under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts" constitutional injury. Monell, 436 U.S. at 694. The Seventh Circuit applies a three-factor test in § 1983 municipal liability cases, under which a plaintiff must allege one of the following:

> (1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority.

McCormick, 230 F.3d at 324.

We believe Johnson has alleged facts sufficient to avoid dismissal. Johnson's burden at this stage is simply to allege facts that would give the City notice of her municipal liability claim. McCormick, 230 F.3d at 326. In particular, she alleges that her injuries were caused by a City custom, namely a failure to

adequately train the individual defendants. Although Johnson's complaint is not a model of clarity, her allegations are sufficient to put defendants on notice of her municipal liability claim.

Defendants argue that Johnson has failed to allege facts suggesting that the policies or customs of which she complains actually exist, and that she has failed to allege the requisite causal connection between any alleged policy or custom of the City and her alleged constitutional injuries. However, Johnson is not required to allege all of the facts involved in the claim at this stage, and can plead conclusions. See Higgs, 286 F.3d at 439. "All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." Id.[1] Johnson's allegations are sufficient to avoid dismissal, especially in light of her pro se status.

Johnson's allegations are sufficient to state a claim under Monell, and Defendants' motion to dismiss Count I is denied.

---

[1] In support of their arguments, defendants rely heavily on Strauss v. City of Chicago, 760 F.2d 765, 769 (7th Cir. 1985), which set forth heightened pleading requirements for Section 1983 cases. However, this heightened pleading standard was rejected by the Supreme Court in Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993). "The Supreme Court has made it very clear that federal courts must not apply a heightened pleading standard in civil rights cases alleging § 1983 municipal liability." McCormick, 230 F.3d at 323.

Defendants also cite Robles v. City of Fort Wayne, 113 F.3d 732 (7th Cir. 1997), Alexander v. City of South Bend, 433 F.3d 550 (7th Cir. 2006), and Sornberger v. City of Knoxville, Ill., 434 F.3d 1006 (7th Cir. 2006). However, their reliance on these decisions is misplaced, as all three deal with cases decided on motions for summary judgment, not motions to dismiss.

**B.**     **Kucharz's Prosecutorial Immunity**

Defendants next argue that all three counts against defendant Kucharz, Counts II, V, and VI, should be dismissed because, as a prosecutor, she is entitled to absolute immunity. Johnson contends that the counts against Kucharz should not be dismissed because she was acting beyond the scope of her authority. Although Johnson concedes that Kucharz was acting under her authority as Assistant Corporation Counsel when she filed the Ordinance Violation Complaint, her "contributory participation in the planning and commencing" of the complaint was allegedly in excess of that authority.

"To free the judicial process from the harassment and intimidation associated with frivolous litigation, the Supreme Court has held that 'in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages.'" Anderson v. Simon, 217 F.3d 472, 475 (7th Cir. 2000) (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976)). These standards also apply to a prosecutor's acts in initiating civil proceedings as long as the prosecutor is functioning in an enforcement role analogous to her role in criminal proceedings. Smith v. Power, 346 F.3d 740, 742 (7th Cir. 2003). "Moreover, absolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" Id. (quoting Henry v.

Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir. 1986)). However, the degree of prosecutorial immunity depends upon the relevant activity in a particular case. "If a prosecutor's function is judicial or quasi-judicial, he is entitled to absolute immunity from suit, but if the function was administrative or investigatory, he is only entitled to qualified immunity." Anderson, 217 F.3d at 475.

In this case, Kucharz is entitled to absolute prosecutorial immunity for her decision to bring the ordinance violation complaint against Johnson. Johnson has not alleged any activity by Kucharz that would fall outside of her prosecutorial duties. Kucharz's immunity also extends to Johnson's allegations of withholding evidence. Bernal v. Shifflet, No. 95 C 843, 1995 WL 417552, at *2 (N.D. Ill. July 13, 1995) (collecting cases). Furthermore, the allegation that Kucharz conspired with Thompson has no impact on this conclusion, as prosecutors do not lose their absolute immunity by allegations that they conspired to perform actions that are shielded by immunity. Sears v. City of Chicago, No. 84 C 3678, 1986 WL 5209, at *3 (N.D. Ill. Apr. 28, 1986) (citing French v. Corrigan, 432 F.2d 1211, 1214 (7th Cir. 1970)).

Johnson contends that, although Kucharz may be entitled to immunity for actually filing the complaint, her participation in the "planning and commencing" of the ordinance violation complaint exceeded the scope of her employment. However, contrary to

Johnson's assertions, Kucharz's immunity attaches before the actual filing of the complaint. "As explained in <u>Imbler</u>, 'the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution.'" <u>Smith</u>, 346 F.3d at 743 (quoting <u>Imbler</u>, 424 U.S. 431 n.33). Johnson has failed to allege any specific acts by Kucharz prior to the actual filing of the ordinance violation complaint that would support a claim under § 1983.

Because Kucharz is entitled to absolute prosecutorial immunity with regard to the acts alleged in Johnson's complaint, the motion to dismiss Counts II, V, and VI as to Kucharz is granted.

## C. <u>Count II–Equal Protection under Section 1983</u>

Mackley and Thompson next argue that Johnson has failed to allege a § 1983 with regard to them. Mackley argues that he was acting within his powers as chief of inspections in ordering the demolition of Johnson's garage. Thompson argues that Johnson's claims of denial of due process and equal protection are without merit since she appeared at the ordinance violation hearing and the complaint was dismissed. Johnson does not respond to these arguments, but instead simply asserts that her amended complaint states a claim under § 1983.

First, Mackley claims he was acting within his powers as

chief of inspections when he ordered demolition of Johnson's garage. In support of this argument, he points to Section 8-123(a) of the City of Joliet Code of Ordinances, which provides as follows:

> When, in the opinion of the chief of inspections or fire chief there is actual or immediate danger from a structure or equipment which would endanger life or property, he is empowered to immediately take such steps as to ensure the health, safety, and property of the citizens of the city, including but not limited to the demolition or removal of such structure or equipment.

Mackley claims that Johnson's garage had sustained structural damage from being crashed into by an automobile, and that he executed his emergency powers in response to the structural damage. He further argues that Johnson concedes in her complaint that the garage was structurally damaged.

Johnson does not specifically address these assertions in her response brief, and Mackley argues that this failure to rebut his argument results in a waiver. While he is correct that failure to address arguments can result in a waiver, see Volovsek v. Wis. Dep't of Agric., Trade and Consumer Prot., 344 F.3d 680, 689 n.6 (7th Cir. 2003), Mackley has simply asserted a disputed fact as to whether he was acting within his powers. Because consideration of Mackley's assertion would be premature on a motion to dismiss, the court will not consider it at this stage of the proceedings.

Mackley also argues that Johnson concedes that her garage was structurally damaged and that this necessitated immediate

emergency action on his part.  However, the ordinance upon which Mackley relies does not allow him to order the demolition of structurally damaged buildings.  Rather, it allows him to order the demolition of structures where there is an immediate danger to life or property.  Whether such danger existed at the time of demolition also is a disputed question of fact that will not be considered at this stage of the proceedings.

Thompson argues that Johnson's claims of denial of due process and equal protection are without merit since she was afforded due process when she appeared at the ordinance violation hearing and the complaint was dismissed.  However, Johnson is not claiming violation of her right to due process in Count II, she is alleging violation of her equal protection rights.  To state an equal protection claim under § 1983, a plaintiff must allege that (1) she is a member of a protected class; (2) she was similarly situated to members of the unprotected class; (3) she was treated differently from members of the unprotected class; and (4) the defendant acted with discriminatory intent.  McDorman v. Smith, No. 05 C 0448, 2006 WL 1641548, at *5 (June 14, 2006) (citing McPhaul v. Board of Comm'rs, 226 F.3d 558, 564 (7th Cir. 2000)).  Johnson has alleged facts which, if proved, would support each of these elements, and Thompson does not contend otherwise.  Therefore, the motion to dismiss Count II with regard to Mackley and Thompson is denied.

**D.      Count III–Section 1982 Claim**

Defendants next argue that Mackley did not deprive Johnson of any rights regarding her property and that Count III must be dismissed. Defendants assert two arguments for dismissal: the City never deprived Johnson of any rights with regard to real or personal property as contemplated by § 1982; and the garage was demolished when Mackley executed his emergency powers pursuant to the City code. Johnson counters that Mackley failed to provide any written assessment or photographic evidence showing that the garage was damaged to an extent that warranted Mackley's use of his emergency powers, thereby depriving her of her right to hold property.

"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. To state a claim under § 1982, a plaintiff must allege that the defendant had a racial animus, intended to discriminate against the plaintiff, and deprived the plaintiff of protected rights because of plaintiff's race. <u>Whisby-Myers v. Kiekenapp</u>, 293 F.Supp.2d 845, 850 (N.D. Ill. 2003). Under this standard, Johnson's allegations are sufficient to state a claim under § 1982.

Defendants argue that there was no § 1982 violation because Johnson retained ownership after the garage was removed and the

defendants did nothing to impair plaintiff's title.  However, §
1982's protection of the right "to hold" property goes beyond
title; it also includes the right to use one's property.  <u>Whisby-
Myers</u>, 293 F.Supp.2d at 849.  Mackley's alleged conduct would
arguably interfere with Johnson's ability to use her real estate
for a garage, so Johnson's complaint states a claim for a violation
of § 1982.

Defendants also argue they are not liable because Mackley
was acting within his emergency powers  under the City of Joliet
Code of Ordinances.  However, as stated previously,  the question
of whether Mackley was acting within his powers is a question of
fact inappropriate for resolution on a motion to dismiss.

Although Johnson's First Amended Complaint contains only a
bare allegation of intentional discrimination, this is sufficient
to avoid a motion to dismiss.  <u>See Jiang v. Allstate Ins. Co.</u>, 199
F.R.D. 267, 272 (N.D. Ill. 2001).  Mackley's motion to dismiss
Count III is therefore denied.

**E.      Count IV—Section 1981(a)**

Defendants next move to dismiss Count IV, Johnson's claim
under § 1981(a).  They argue that Johnson's claim should be
dismissed because she has failed to allege that she was deprived of
any rights enumerated in the statute.  Johnson counters that her
complaint contains allegations sufficient to support this claim.

To establish a claim under § 1981, a plaintiff must show that (1) she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (<u>i.e.</u>, the making and enforcing of a contract). <u>Morris v. Office Max, Inc.</u>, 89 F.3d 411, 413 (7th Cir. 1996). "[A] plaintiff fails to state a claim under Section 1981 if he fails to allege discrimination in the making or enforcement of a contract." <u>Burns v. Cineplex Odeon, Inc.</u>, No. 95 C 5280, 1996 WL 501742, at *10 (N.D. Ill. Sept. 3, 1996).

As defendants point out, Johnson has failed to plead the third element set forth in <u>Morris</u>, <u>i.e.</u>, that she was neither denied the right to make or enforce a contract, nor was she refused service by any of the defendants. As a result she has failed to state a claim under § 1981. Although Johnson counters that she was deprived of "the full and equal benefit of defendant City of Joliet's pre-deprivation administrative hearings and post-deprivation judicial hearings encoded in the Ordinances of the City of Joliet," such deprivation does not constitute a § 1981 violation under the relevant case law. As a result, defendants' motion to dismiss Count IV is granted.

**F.**      **Count V-Malicious Prosecution Under Section 1983**

Defendants next argue that Johnson's malicious prosecution

claim should be dismissed because this claim is governed by state, not federal, law. Johnson alleges that the relevant state court has a bias against African American <u>pro se</u> litigants that prevents her from obtaining relief through this venue. She contends that she must therefore seek relief in federal court.

"[T]he existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." <u>McCann v. Mangialardi</u>, 337 F.3d 782, 786 (7th Cir. 2003) (quoting <u>Newsome v. McCabe</u>, 256 F.3d 747, 750 (7th Cir. 2001)). Illinois has a common law tort action for malicious prosecution, so any such claim should be brought under Illinois law. <u>See id.</u> Because the appropriate tort claim exists under Illinois law, Johnson's malicious prosecution claim under § 1983 is precluded.

Johnson alleges that the local state court has a bias against African American <u>pro se</u> litigants that prevents her from obtaining relief, and that she will not be afforded due process as a result. In support of this claim Johnson recites factual allegations for the first time in her response regarding the Illinois Circuit Court for the Twelfth Judicial Circuit, located in Joliet, Illinois. "It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." <u>Thomason v. Nachtrieb</u>, 888 F.2d 1202, 1205 (7th Cir. 1989). Because these allegations regarding the Illinois Circuit Court are beyond the scope of Johnson's complaint, the court will not consider them.

In any event, Johnson's claims of bias on the part of the Illinois Circuit Court are unrelated to the alleged conduct of the defendants or their liability under § 1983.

Since Johnson's malicious prosecution claim should have been brought under Illinois state law, defendants' motion to dismiss her § 1983 malicious prosecution claim is granted. However, in light of the liberal construction we give pro se pleadings, Johnson will be given the opportunity to amend her complaint to assert a cognizable claim for malicious prosecution under Illinois common law.[2]

## G.      Count VI-First Amendment Violation

Finally, defendants have moved to dismiss Johnson's § 1983 claim alleging violation of her First Amendment rights. In support of this motion, defendants assert two theories. First, they contend that Johnson's claim is time-barred. Second, they argue that Johnson fails to state a claim. Johnson challenges both arguments. Because defendants' first argument disposes of the claim, the court will not consider defendants' second argument.

As defendants correctly point out, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations in a § 1983 case. Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993). Illinois has a

---

[2]This court would have jurisdiction to consider this claim pursuant to 28 U.S.C. § 1367(a).

two-year statute of limitations for personal injury claims. 735 ILCS 5/13-202. Section 1983 claims accrue when the plaintiff knows or should know that her constitutional rights have been violated. Kelly, 4 F.3d at 511. Defendants contend that Johnson's claim accrued on December 11, 2002, the date of commencement of the ordinance violation proceedings, or at the latest on January 24, 2003, the date Johnson filed the motion to dismiss the ordinance violation complaint. Because Johnson's First Amendment claim first appeared in her amended complaint filed on December 13, 2005, defendants contend this claim is time-barred.

Johnson does not dispute that her claim accrued on December 11, 2002. However, she contends that the First Amendment claim is timely because her original complaint was filed on December 5, 2004, within the two-year statute of limitations. She argues that the First Amendment claim in her amended complaint relates back to her original complaint because it arises out of the same conduct set forth in the original complaint.

Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amended complaint relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). In general, relation back is permitted under Rule 15(c)(2) where an amended complaint asserts a

new claim on the basis of the same core of facts, but involves a different substantive legal theory than that asserted in the original pleading. Bularz v. Prudential Ins. Co. of Am., 93 F.3d 372, 379 (7th Cir. 1996). "Thus, a new substantive claim that would otherwise be time-barred relates back to the date of the original pleading, provided the new claims stems from the same 'conduct, transaction, or occurrence' as was alleged in the original complaint[.]" Id.

Johnson alleges in her amended complaint that Thomson and Kucharz commenced the ordinance violation proceedings against her in retaliation for her public criticism of Mackley at the General Counsel Assembly session. However, her original complaint contains no mention of her public criticism of Mackley or any retaliation based upon such criticism. Rather, these allegations first appeared in her amended complaint. Because Johnson's First Amendment claim in her amended complaint does not arise out of the same core of facts alleged in her original complaint, the amended complaint does not relate back to the date of her original complaint.

Johnson's § 1983 claim based upon violation of her First Amendment rights was not filed within two years of its accrual, so it is time-barred. Accordingly, defendants' motion to dismiss Count VI is granted.

## **CONCLUSION**

Defendants' motion to dismiss plaintiff's Counts IV, V and VI is granted. Defendant Kucharz's motion to dismiss Count II with regard to her also is granted. Counts V and VI, and Count II with regard to Kucharz, are dismissed with prejudice. The dismissal is without prejudice to the filing of an amended Count IV by July 17, 2006 if plaintiff can state a cognizable Section 1981 claim. If plaintiff does not amend her complaint within that time period, Count IV will be dismissed with prejudice. Also, plaintiff has until July 17, 2006, to state a cognizable malicious prosecution claim. Defendants' motion to dismiss Counts I and III is denied. The motion of Defendants Mackley and Thompson to dismiss Count II with regard to them also is denied.


Date:        June 27, 2006


ENTER:      _____
            John F. Grady, United States District Judge